# EXHIBIT
# A

| STATE OF NORTH CAROLINA | | File No. 06-CVS-5108 |
|---|---|---|
| Mecklenburg County | | In The General Court of Justice<br>☐ District ☒ Superior Court Division |

| Name of Plaintiff | |
|---|---|
| Rhonda C. Davis | **CIVIL SUMMONS** |
| Address | |
| City, State, Zip | ☐ Alias and Pluries Summons |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| Name of Defendant(s)<br>Trans Union, LLC v. Sterling and King, Inc. | Date Original Summons Issued |
| | Date(s) Subsequent Summon(es) Issued |

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| Trans Union, LLC<br>c/o The Prentice-Hall Corporation System, Inc.,<br>Registered Agent<br>327 Hillsborough Street<br>Raleigh, NC 27603 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time | ☒ AM ☐ PM |
|---|---|---|---|
| JOHN W. TAYLOR, P.C.<br>P.O. Box 472827<br>Charlotte, NC 28247 | Signature | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk of Superior Court |

| ☐ ENDORSEMENT | Date of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk of Superior Court |

**NOTE TO PARTIES:** Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts        (Over)

| | RETURN OF SERVICE | |
|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: | | |

**DEFENDANT 1**

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

**DEFENDANT 2**

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative of the Courts

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | FILE NO. 06-CVS-5108 |

RHONDA C. DAVIS,
118 POB 118
Mt. Holly, NC 28120,

        Plaintiff,

vs.

TRANS UNION LLC
c/o The Prentice-Hall Corporation System, Inc.,
Registered Agent
327 Hillsborough Street
Raleigh, NC 27603

AND

STERLING AND KING, INC.,
c/o R. Keenan, Registered Agent
500 SE 436, Suite 2074
Casselberry, FL 32707

        Defendants.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

The Plaintiff, complaining of the acts of the Defendants, says and alleges:

1. This is an action to recover damages under the Fair Credit Reporting Act, Fair Debt Collections Practices Act and North Carolina law, and for declaratory and injunctive relief.

2. The Plaintiff is a citizen and resident of Mecklenburg County, North Carolina.

3. Upon information and belief, the Defendant Trans Union, LLC ("Trans Union") is a limited liability company organized and existing under the laws of the state of Delaware, and it is authorized to do business in the State of North Carolina and is engaged in substantial business activity within the state of North Carolina.

4. Upon information and belief, the Defendant Sterling and King, Inc. ("Sterling and King") is a corporation organized and existing under the laws of the state of Florida with its principal place of business located in Casselberry, Florida, and it is engaged in substantial business activity within the state of North Carolina through the collection of debts from residents of the state of North Carolina.

5. The Defendant Sterling and King regularly engages in the business of collecting debts owed parties other than itself, and the principal purpose of the Defendant Sterling and King is the collection of debts using the mails and telephone.

6. At all relevant times described herein, each employee of the Defendants who may be identified below was acting within the scope of his or her authority.

7. All acts and communications referred to herein, made by the Defendant Sterling and King or its agents and employees, related to efforts by it to collect an alleged debt from the Plaintiff that was incurred for personal, family or household purposes.

8. In or about June 2004, the Defendant Sterling and King reported to one or more credit reporting agencies, including the Defendant Trans Union, that the Plaintiff was indebted on a past-due account in the amount of $2,330.00 and that the account was in collections. These representations were false, deceptive and misleading. The Defendant Sterling and King knew that the above information was false at the time it was reported, and it maliciously reported the false information with the intent to injure the credit reputation of the Plaintiff.

9. The false information contains derogatory and adverse credit information that negatively reflects on the Plaintiff's credit reputation, impedes her access to credit, raises her cost of credit and lowers her credit score.

10. In or about June 2005, the Plaintiff disputed the above false information with the Defendant Trans Union.

11. Upon information and belief, the Defendant Trans Union notified the Defendant Sterling and King of the Plaintiff's dispute, and the Defendant Sterling and King verified the false information to the Defendant Trans Union.

12. Upon information and belief, the Defendant Sterling and King failed or refused to conduct a reasonable investigation of the Plaintiff's dispute prior to verifying the false information to the Defendant Trans Union.

Case 3:06-cv-00178-MR-DCK   Document 1-2   Filed 04/13/06   Page 5 of 11

13. Upon information and belief, the Defendant Trans Union failed or refused to conduct a reasonable investigation of the Plaintiff's dispute, and on or about July 7, 2005 informed the Plaintiff that it had verified the information reported by the Defendant Sterling and King as being accurate and that no change would be made to the information in the Plaintiff's credit file with Trans Union.

14. Thereafter, the Defendant Trans Union included the false information in one or more consumer credit reports prepared on the Plaintiff to one or more prospective creditors of the Plaintiff.

15. The Plaintiff's credit reputation has been damaged as a result of the Defendants' inclusion of the false information in consumer credit reports on her.

16. The Plaintiff's access to credit has been damaged as a result of the false information.

## FIRST CAUSE OF ACTION
### (Violation of the Fair Credit Reporting Act Against Trans Union)

1. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

2. The Plaintiff is a consumer as contemplated by the FCRA section 1681a(c).

3. The Defendant Trans Union is a consumer reporting agency as defined in section 1681(f) of the FCRA regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

4. The Defendant Trans Union willfully and/or negligently violated the provision of the FCRA as follows:

   a. By failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports during the preparation of the consumer reports concerning the Plaintiff;

   b. By failing to delete incomplete and inaccurate information in Plaintiff's file after conducting a reinvestigation, in violation of section 1681i(a);

   c. By failing to comply with FCRA section 1681i.

-3-

5. As a result of the Defendant Trans Union's violations of the FCRA, the Plaintiff suffered actual damages, including injury to her credit reputation, and has suffered undue worry, anxiety and loss of happiness.

## SECOND CAUSE OF ACTION
### (Violation of the Fair Credit Reporting Act Against Sterling and King)

17. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

18. The Plaintiff is a consumer as contemplated by the Fair Credit Reporting Act section 1681a(c).

19. The Defendant Sterling and King is a furnisher of information as contemplated by the Fair Credit Reporting Act section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

20. The Defendant Sterling and King failed in its duties to reinvestigate the Plaintiff's dispute.

21. The Defendant Sterling and King has willfully and/or negligently verified to one or more credit reporting agencies information known by it to be false in violation of Section 1681s-2(b) of the Fair Credit Reporting Act.

22. As a result of the Defendant Sterling and King's violations of the Fair Credit Reporting Act, the Plaintiff suffered injury to her credit reputation and has suffered undue worry, anxiety, stress and loss of happiness.

## THIRD CAUSE OF ACTION
### (Federal Fair Debt Collection Practices Violations Against Sterling and King)

23. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

24. The Defendant Sterling and King is a debt collector as defined in 15 U.S.C. § 1692a.

25. The Plaintiff is a consumer as defined in 15 U.S.C. § 1692a.

26. The Defendant Sterling and King violated the Fair Debt Collection Practices Act as follows:

-4-

a. It violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to oppress the Plaintiff in connection with the collection of a debt.

b. It violated 15 U.S.C. §1692e by using false, deceptive or misleading representation or means in connection with the collection of a debt.

c. It violated 15 U.S.C. §1692f on at least one occasion by using unfair or unconscionable means to collect or attempt to collect a debt.

27. As a result of the above violations, the Plaintiff has suffered damage to her credit reputation, undue worry, stress, anxiety and embarrassment, and she is entitled to recover from the Defendant her actual damages, as well as statutory damages in the amount of $1,000.00 pursuant to 11 U.S.C. § 1692k(a)(2)(A).

28. As a result of the above violations, the Plaintiff is entitled to recover from the Defendant the costs of this action, together with a reasonable attorney's fee pursuant to 11 U.S.C. § 1692k(a)(3).

## FOURTH CAUSE OF ACTION
### (Prohibited Acts by Collection Agencies Against Sterling and King)

29. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

30. The Defendant Sterling and King is a collection agency as defined by N.C.G.S. § 58-70-90.

31. The Plaintiff is a consumer as defined by N.C.G.S. § 58-70-90.

32. The Defendant Sterling and King violated Article 70, Chapter 58 of the North Carolina General Statutes as follows:

a. It violated §58-70-95 on at least one occasion by collecting or attempting to collect a debt alleged to be due and owing from the Plaintiff by unfair coercion or attempt to coerce.

b. It violated §58-70-100 on at least one occasion by using conduct, the natural consequence of which was to oppress the Plaintiff in connection with the attempt to collect a debt.

c. It violated §50-70-110 on at least one occasion by collecting or attempting to collect a debt or obtaining information concerning Plaintiff by a fraudulent, deceptive, or misleading representation.

-5-

d. It violated §50-70-115 on at least one occasion by collecting or attempting to collect any debt by use of unconscionable means.

33. The Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1.

34. As a result of the above violations, the Plaintiff has suffered damage to her credit reputation and undue worry, stress, anxiety and embarrassment, and she is entitled to recover from the Defendant her actual damages and a statutory penalty in the amount of $2,000.00 per violation of Article 70, Chapter 58 of the North Carolina General Statutes.

35. The Plaintiff is entitled to recover from the Defendant a reasonable attorney's fee incurred in bringing this action, pursuant to North Carolina General Statute § 75-16.1.

## FIFTH CAUSE OF ACTION
### (Defamation Against Sterling and King)

36. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

37. The statements made by the Defendant Sterling and King to one or more credit reporting agencies were false and were known to be false at the time the representations were made.

38. The false statements injured the Plaintiff's credit reputation and have caused her undue worry, anxiety and stress.

39. The false statements were made willfully, maliciously, and with an intent to injure the Plaintiff, or were made with a reckless and wanton disregard for the truth.

40. The Plaintiff is entitled to recover actual and punitive damages from the Defendant as a result of the false statements.

-6-

## SIXTH CAUSE OF ACTION
(Declaratory Judgment)

41. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

42. Pursuant to Article 26, Chapter 1 of the North Carolina General Statutes, the Plaintiff is entitled to a declaration that she is not indebted on the account reported by the Defendant Sterling and King.

## SEVENTH CAUSE OF ACTION
(Injunctive Relief)

43. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

44. The Plaintiff is entitled to an order requiring the Defendants to permanently remove the inaccurate information from her credit file and an order enjoining them from representing to any third party the above false information.

WHEREFORE, the Plaintiff respectfully prays the Court:

1. That the Court declare she is not indebted on the above account to Defendant.

2. That the Court enter an order requiring the Defendants to remove the false information from her credit file and an order enjoining the Defendants from representing the false information to any third party.

3. That she have and recover from the Defendants actual and punitive damages in an amount in excess of $10,000.00 to be determined by trial.

4. That she have and recover from the Defendant Sterling and King $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5. That she have and recover from the Defendant Sterling and King a statutory penalty pursuant to N.C.G.S. § 58-70-130(b) in the amount of $2,000.00 for each violation of Article 70, Chapter 58;

6. That she have and recover from the Defendants the costs of this action, together with a reasonable attorney's fee pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1692k(a) and N.C.G.S. § 75-16.1;

7. That she have a trial by jury.

8. That she have and recover from the Defendants such other and further relief as may be just and proper.

Case 3:06-cv-00178-MR-DCK   Document 1-2   Filed 04/13/06   Page 10 of 11

DATED this \_\_3\_\_ day of March 2006.

                                        **JOHN W. TAYLOR, P.C.**

                                        *[signature]*

                                        John W. Taylor, Bar No. 21378
                                        Haley M. Jonas, Bar No. 30631
                                        Attorneys for Plaintiff
                                        P.O. Box 472827
                                        Charlotte, NC 28247-2827
                                        704-540-3622